UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 3:20-CR-89 |
| *Plaintiff,* | ) | JUDGES VARLAN/GUYTON |
| | ) | |
| VS. | ) | |
| | ) | |
| DANNY ADAMS | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER ON DISCOVERY AND SCHEDULING

TO COUNSEL OF RECORD:  PLEASE READ AND FOLLOW THIS CAREFULLY.  IT AFFECTS YOUR CLIENTS RIGHTS.

The defendant(s) have requested discovery pursuant to Federal Rule of Criminal Procedure 16.  The Court **ORDERS** the government to comply with Rule 16(a)(1)(A)-(F) by **December 18, 2020,**[1] and the defendant(s) to provide reciprocal discovery by **February 1, 2021,** as follows in paragraphs A and B:

    A.    The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government:

        1.    Any relevant written or recorded statements made by the defendant, and that portion of any written record (including rough notes) containing the substance of any relevant oral statement made by defendant before or after arrest in response to  interrogation by any person then known to the defendant as a government agent.

        2.    The defendant's arrest and conviction record.

        3.    Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use

---

[1] The parties agree to this deadline and that they can meet and confer, if necessary, about the procedures for disclosure of discovery pursuant to Rule 16 by this date. *See* Fed. R. Crim. P. 16.1(a).

by the government as evidence in chief at the trial, and, as soon as possible but at least three weeks before trial, unless the Court orders otherwise.

B.    The government shall permit the defendant to inspect and copy the following items or copies or portions thereof, or supply copies or portions thereof, which are within the possession, custody or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the government:

   1.    The substance of any other relevant oral statement made by defendant before or after his arrest in response to interrogation by a then known to be government agent if the government intends to use that statement at trial.

   2.    Recorded grand jury testimony of the defendant relating to the offenses charged.

   3.    Books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defendant's defense[2] or which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained from or belong to each defendant.

C.    Upon receipt by a defendant of materials described in Rule 16(a)(1)(E) or (F), the defendant shall comply with Rule 16(b)(1)(A) and (B) and permit the government to inspect and copy the following items, or copies thereof, or supply copies thereof, which are within the possession, custody or control of the defendant and which defendant intends to use at trial in defendant's case-in-chief.

   1.    Books, papers, documents, photographs or tangible objects which each defendant intends to introduce as evidence in chief at trial.

   2.    Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.  Unless otherwise ordered by the Court, these shall be produced one week before trial.

D.    If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect

---

[2] The United States Supreme Court has held that the phrase "material to the preparation of the defendant's defense" as used in Rule 16(a)(1)(E)(i), Fed.R.Cr.P. (formerly Rule 16(a)(1)(C)), means material to the defendant's direct response to the government's case-in-chief.  In other words, "the defendant's defense" encompasses only that part of the defendant's defense which refutes the government's arguments that defendant committed the crime charged.  *United States v. Armstrong*, 517 U.S. 456 (1996).

or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall give written notice thereof to the government as required by Rule 12.2(a)-(b), Fed.R.Cr.P.

E.    The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence).  Timing of such disclosure is governed by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

F.    The government shall obtain the record of prior convictions, if any, of any witness who will testify for the government at trial so that the record will be available to the defendant at trial.

G.    Upon request, the government shall state whether the defendant was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

H.    The government shall advise its agents and officers involved in this case to preserve all rough notes.

I.    Upon request, the government shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial. Unless otherwise ordered by the Court "reasonable notice" shall be deemed to be seven (7) calendar days before trial.

J.    The government shall state whether the defendant was an aggrieved person as defined in 18 U.S.C. §2510(11), of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof.

K.    Upon request, the government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

L.    Unless otherwise ordered by the Court, any disclosure of expert information required by Rule 16(a)(1)(G), Fed.R.Cr.P., shall be made by the government at least three (3) weeks before trial.  Any disclosures required by Rule 16(b)(1)(C) shall be made by defendant at least one (1) week before trial unless the Court orders otherwise.

M.    If transcripts of recorded conversations will be prepared for use at trial, counsel shall meet and confer and devise a plan for authentication of those transcripts to be suggested to the undersigned at any status conference called by the Court and in

any event not later than the time of the pretrial conference. Every effort shall be made to stipulate the authenticity of any such transcripts without the necessity of court intervention. Counsel are directed to familiarize themselves with *United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983), which describes the procedures for determining the admissibility of tape recordings and transcriptions thereof.

N.      The parties shall make every possible effort in good faith to stipulate all facts or points of law, the truth and existence of which is not contested and the early resolution of which will expedite the trial. No stipulation made by defense counsel shall be used against the defendant unless the stipulation is reduced to writing and signed by the defendant and his counsel.

O.      The government is strongly encouraged to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials.

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order.

Upon a sufficient showing, the Court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make every good faith effort to comply with the letter and spirit of this Order.

All motions, except for Motions in Limine, shall be filed in this case no later than **January 8, 2021**. Responses to those motions will be on **January 22, 2021**. A party seeking an extension of the deadline for filing a pretrial motion or response shall file a motion for an extension before the expiration of the deadline in question and shall state in that motion the proposed date for the new deadline and whether the opposing party objects or does not object to the requested extension. Motions in Limine shall be filed fifteen (15) days on or before the below stated date of the trial. Responses to Motions in Limine must be filed at least five (5) working days before trial. All motions that require a brief shall be accompanied by a separate brief or they may be subject to summary denial. Motions will be decided in accordance with Local Rule 7.2. Normally,

if a motion requires an evidentiary hearing, that hearing will be scheduled before the undersigned at least two weeks in advance of trial or will be held in conjunction with the final pretrial conference.

Any plea negotiations shall be concluded on or before **January 19, 2021.**

A pretrial conference shall be held before Magistrate **Judge Bruce Guyton at 11:00 a.m. on February 1, 2021**. Attached hereto are written instructions for that conference. If you desire to use the Court's Digital Evidence Presentation System at any pretrial hearing or at trial, you should give the Courtroom Deputy at least three working days' notice before the hearing or trial.

This matter is set for trial before a United States District Judge and a twelve-person jury at **9:00 a.m.** on **February 16, 2021.** If counsel have any special requests for instructions to the jury, the same shall be filed at least five working days before trial.

The government shall file all motions for a departure under section 5K1.1 of the United States Sentencing Guidelines or for a sentence below a statutory mandatory minimum at least five working days before the sentencing hearing. Defendants seeking a downward departure must also, in writing, notify the court and the government of any request for a downward departure, and the grounds therefore, at least five working days before the sentencing hearing. Failure to timely comply with this rule may result in a denial of a sentence reduction. (Local Rule 83.9(k)) If there is a conviction in this case, the sentencing proceedings are governed by Local Rule 83.9, EDTN.

One principal purpose of this discovery order is to avoid the necessity of counsel for the defendant(s) filing routine motions for routine discovery. Accordingly, counsel for the

defendant(s) shall make a request of the government for each item of discovery sought and be declined the same prior to the filing of any motion.

        As soon as motions are filed in a criminal case, the Clerk is directed to bring such motions to the attention of the appropriate magistrate judge.

        **IT IS SO ORDERED**.

        <u>s/ Bruce Guyton</u>
        UNITED STATES MAGISTRATE JUDGE